Robert F. Brennan, Esq. [S.B. #132449]
**LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**
2103 Montrose Avenue, Suite D
Montrose, CA 91020
Tel.: (818) 249-5291
Fax: (818) 249-4329
Email: rbrennan@brennanlaw.com

Attorney for Plaintiff
SUE-LING BRAUN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUE-LING BRAUN,<br><br>Plaintiff,<br><br>vs.<br><br>TRANS UNION LLC, EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS INC., VOLVO CAR FINANCIAL SERVICES U.S., LLC, and DOES 1-10, Inclusive,<br><br>Defendants. | Case No. 2:19-cv-06098-CJC-SK<br>Hon. Cormac J. Carney<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT TRANS UNION LLC'S MOTION TO DISMISS UNDER RULE 12(b)(6)**<br><br>Date: October 21, 2019<br>Time: 1:30 p.m.<br>Courtroom 7C |

**TABLE OF CONTENTS**

I. INTRODUCTION ...............................................................................................1

II. STATEMENT OF FACTS.................................................................................2

III. ARGUMENT.....................................................................................................3

    A. STANDARD FOR A MOTION TO DISMISS............................................3

    B. PLAINTIFF'S ALLEGATIONS AGAINST TRANS UNION
    ARE SUFFICIENT........................................................................................4

        1. Plaintiff Sufficiently Pleads a Factual Inaccuracy
        Because the Missed Payment was Caused by Volvo Financial...............5

        2. Trans Union's Collateral Attack Argument Does Not Apply
        to The Facts as Alleged, and at Best, Presents an Issue of Fact
        that Must be Resolved by the Jury............................................................6

        3. Plaintiff's Section 1681i Claim is Sufficiently Pled.............................9

        4. Plaintiff's Section 1681e(b) Claim is Sufficiently Pled....................10

IV. CONCLUSION................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

*Alston v. Equifax Info. Services, LLC*, Civil Action No. TDC-13-1230, 2016 U.S. Dist. LEXIS 129424, 2016 WL 5231708 (D. Md. Sep. 21, 2016).........6, 7

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).....................................................................3

*Beaudry v. TeleCheck Services*, 579 F.3d 702 (6th Cir. 2009)..................................10

*Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611 (6th Cir. 2012)................................5

*Burke v. Experian Info. Solutions, Inc.*, No. 1:10-cv-1064(AJT/TRJ), 2011 U.S. Dist. LEXIS 28896, 2011 WL 1085874 (E.D. Va. Mar. 18, 2011)............6

*Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151 (11th Cir. 1991)................................................................................................6, 7, 10

*Carvalho v. Equifax Info. Services, LLC*, 629 F.3d 876 (9th Cir. 2010).....................7

*Crabill v. Trans Union, L.L.C.*, 259 F.3d 662 (7th Cir. 2001)....................................8

*Cushman v. Trans Union Corp.*, 115 F.3d 220 (3rd Cir. 1997)..............................6, 8

*Dalton v. Capital Associated Industries*, 257 F.3d 409 (4th Cir. 2001)..................5, 6

*DeAndrade v. Trans Union LLC*, 523 F.3d 61 (1st Cir. 2008)..........................6, 7, 8

*Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147 (9th Cir. 2009)..............1, 5, 9

*Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329 (9th Cir. 1995).............8, 10

*Johnson v. Trans Union, LLC*, 524 F.App'x 268 (7th Cir. 2013)...............................7

*Letren v. Trans Union, LLC*, Civil Action No. PX 15-3361, 2017 U.S. Dist. LEXIS 14628, 2017 WL 445237 (D. Md. Feb. 2, 2017)..................6

*Nursing Home Pension Fund, Local 144 v. Oracle Corp.*, 380 F.3d 1226 (9th Cir. Cal. 2004)................................................................................................4

*O'Connor v. Capital One, N.A.*, No.: CV 14-00177-KAW, 2014 Lexis 74045, 2014 WL 2215965 (N.D. Cal. May 29, 2014)......................................................1, 2, 4

*Peloza v. Capistrano Unified School Dist.*, 37 F.3d 517 (9th Cir. Cal. 1994).............4

*Philbin v. Trans Union Corp.*, 101 F.3d 957 (3d Cir. 1996)......................................10

*Rennie & Laughlin, Inc. v. Chrysler Corp.*, 242 F.2d 208 (9th Cir. Cal. 1957)..........3

*Saunders v. Branch Banking & Trust Co.*, 526 F.3d 142 (4th Cir. 2008)................6, 7

*Seamans v. Temple Univ.*, 744 F.3d 853 (3d Cir. 2014)...............................................5

*Shaw v. Experian Info. Solutions, Inc.*, 891 F.3d 749 (9th Cir. 2018).....................1, 5

*Taylor v. First Advantage Background Services Corp.*, 207 F.Supp.3d 1095 (N.D. Cal. 2016)............................................................................................................9

*Thomas v. Trans Union LLC*, 197 F.Supp.2d 1233 (D. Or. 2002)..............................9

*Tinsley v. Transunion Corp.*, 879 F.Supp. 550 (D. Md. 1995)....................................6

*Wright v. Experian Info. Solutions, Inc.*, 805 F.3d 1232 (10th Cir. 2015)...................7

## Statutes

15 U.S.C. § 1681 et seq.................................................................................................2

15 U.S.C. § 1681e(b)....................................................................................2, 5, 10, 11

15 U.S.C. § 1681i...................................................................................................2, 5, 9

15 U.S.C. § 1681i(a)(1).................................................................................................3

15 U.S.C. § 1681i(a)(1)(A)............................................................................................3

15 U.S.C. § 1681i(a)(5).................................................................................................3

15 U.S.C. § 1681i(a)(5)(A)............................................................................................3

*Civil Code* § 1785.1 et seq..................................................................................2

**Rules**

Fed. R. Civ. P. 12(b)(6).........................................................................................3

Fed. R. Civ. P. 50(a).............................................................................................1

///

///

///

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The reasoning in Defendant Trans Union's motion to dismiss is incorrect in several key respects. First, Trans Union argues that if information in a credit report is "accurate," there can be no violation of the Fair Credit Reporting Act ("FCRA"). The 30-day late payment was not because Plaintiff Sue-Ling Braun refused or neglected to pay, or was incapable of paying; rather, the 30-day late was caused by an internal administrative and computer issue at Volvo Financial over which she had no control.

Trans Union fails to discuss the well-settled law that "a credit entry can be incomplete or inaccurate within the meaning of the FCRA because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009); accord, *Shaw v. Experian Info. Solutions, Inc.*, 891 F.3d 749, 757 (9th Cir. 2018). Trans Union has "pigeon-hole" categories for its reporting and is attempting to squeeze this "square peg" (fault by the furnisher) into a "round hole" (technically accurate credit entry). There is substantial case law against Trans Union on this point.

Trans Union's reinvestigation must always include an inquiry into whether the derogatory was the result of creditor error or consumer malfeasance or neglect. Trans Union's reinvestigation was insufficient because it did not address the issue of Volvo Financial's error. This did not require that Trans Union "adjudicate" any issues, only that it perform a reasonable investigation that would have revealed Volvo Financial's error.

As discussed herein, Trans Union cites a total of 19 cases in support of its arguments. All but one of these cases were decided on summary judgment (or after trial on a Rule 50(a) motion). The one case decided on a motion to dismiss involved a pro se plaintiff who was granted leave to amend (Def. P&As, 13:25-28): *O'Connor v. Capital One, N.A.*, No.: CV 14-00177-KAW, 2014 Lexis 74045, 2014 WL 2215965

(N.D. Cal. May 29, 2014). Trans Union's arguments are based on the premise that the factual determination after discovery will be in its favor. Plaintiff disagrees.

Plaintiff's allegations are sufficient to support her FCRA claim, and Trans Union's motion should be denied.

## II. STATEMENT OF FACTS

Plaintiff Sue-Ling Braun alleges that Defendant Trans Union LLC ("Trans Union") violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., in failing to "follow reasonable procedures to assure maximum possible accuracy" of her credit report (§ 1681e(b)) and failing to "conduct a reasonable reinvestigation" of her credit reporting dispute (§ 1681i).

Plaintiff includes in her FCRA claim the furnisher, Volvo Car Financial Services U.S., LLC ("Volvo Financial"), and the other major credit reporting agencies – Equifax Information Services, LLS ("Equifax") and Experian Information Solutions, Inc. ("Experian"). Plaintiff states a second cause of action against Volvo Financial for violation of the California Consumer Credit Reporting Agencies Act, *Civil Code* § 1785.1 et seq.

The facts concerning the FCRA violations are as follows. On August 28, 2015, Ms. Braun signed a lease for a 2015 Volvo vehicle. She signed up for an autopay allowing Volvo Financial to deduct monthly payments on time every month. She maintained a perfect payment history on her lease account through October 2018. (Complaint, ¶ 8.)

In November 2018, Ms. Braun requested and was granted a two-month lease extension. Volvo Financial never verbally or through the lease extension paperwork advised her that her autopay would be terminated as part of the extension process. This resulted in a 30-day late payment being reported by Volvo Financial to the credit bureaus. The reporting damaged Ms. Braun's excellent credit rating, which plummeted approximately 100 points. (Complaint, ¶ 9.)

2

Plaintiff's Opposition to Trans Union Motion to Dismiss

Ms. Braun sent dispute letters to the three credit bureaus. Experian and Trans Union refused to remove the derogatory. Equifax had not responded at the time her Complaint was prepared. (Complaint, ¶¶ 10-14.)

Plaintiff alleges defendants' violations of the FCRA in at least the following respects: (a) willfully and negligently failing, in the preparation of Ms. Braun's consumer report, to follow reasonable procedures to assure maximum possible accuracy (§ 1681e(b)); (b) willfully and negligently failing to correct information in Ms. Braun's credit report that defendants knew, or should have known, was incomplete or inaccurate (§ 1681i(a)(1)); (c) willfully and negligently failing to correct or delete the incomplete or inaccurate information in her credit file after conducting an investigation (§ 1681i(a)(5)); and (d) willfully and negligently failing to conduct an adequate investigation of her dispute, and willfully and negligently failing to implement corrective actions once the outcome of the investigations were known, or should have been known, to defendants (§ 1681i(a)(1)(A) & (a)(5)(A)). (Complaint, ¶ 16a-d.) Ms. Braun seeks damages as provided for by the FCRA. (Complaint, ¶¶ 17 & 18.)

### III. ARGUMENT

#### A. STANDARD FOR A MOTION TO DISMISS.

Motions to dismiss a complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6) are viewed with disfavor because a primary objective of the law is to obtain a determination of the merits of any claim, and therefore, a case should be tried on the proofs rather than the pleadings. *Rennie & Laughlin, Inc. v. Chrysler Corp.*, 242 F.2d 208, 212-213 (9th Cir. Cal. 1957); Fed. R. Civ. P. 12(b)(6). A complaint survives a motion to dismiss under Rule 12(b)(6) if it contains a "short and plain statement of the claim showing the pleader is entitled to relief," which does not require "detailed factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

Plaintiff's Opposition to Trans Union Motion to Dismiss

On a Rule 12(b)(6) motion, the court is required to read the complaint charitably, to take all well-pleaded facts as true, and to assume that all general allegations embrace whatever specific facts might be necessary to support them. *Peloza v. Capistrano Unified School Dist.*, 37 F.3d 517, 521 (9th Cir. Cal. 1994), certiorari denied, 515 U.S. 1173, 115 S.Ct. 2640, 132 L.Ed.2d 878. All allegations of fact in the complaint are construed in the light most favorable to the plaintiff. *Nursing Home Pension Fund, Local 144 v. Oracle Corp.*, 380 F.3d 1226, 1229 (9th Cir. Cal. 2004).

### B. PLAINTIFF'S ALLEGATIONS AGAINST TRANS UNION ARE SUFFICIENT.

Trans Union asserts that Plaintiff's FCRA claim rests on resolution of a legal dispute, i.e., whether there was a breach of contract between Defendant Volvo and Ms. Braun. (Def. P&As, 8:12-21.) Trans Union's argument is based on presumed facts that have not been established nor alleged in the Complaint.

Plaintiff expects that discovery will support her allegation that Trans Union should have known through a reasonable investigation that the credit derogatory was caused by Volvo Financial's administrative/computer error in connection with her autopay arrangement. (Complaint, ¶¶ 8-16.) Until discovery is completed, the facts alleged in the Complaint must be taken as true that an adequate investigation would have revealed, without the need for Trans Union to "adjudicate" any facts or law, that the credit reporting was misleading, and therefore, inaccurate.

As discussed below, Trans Union cites a total of 19 cases in support of its various arguments. These cases can be uniformly distinguished on the basis that all but one were decided on summary judgment (or on a Rule 50(a) motion) after the facts had been developed in discovery. The one case decided on a motion to dismiss involved a pro se plaintiff's suit against a furnisher, not a credit reporting agency. *O'Connor v. Capital One, N.A.*, *supra.* (Def. P&As, 13:25-28.) The plaintiff was

granted leave to amend. Ms. Braun maintains that her allegations against Trans Union are sufficient to support her FCRA cause of action.

### 1. Plaintiff Sufficiently Pleads a Factual Inaccuracy Because the Missed Payment was Caused by Volvo Financial.

Trans Union argues that the credit reporting was factually accurate. (Def. P&As, 8:22 – 12:6.) A credit report is inaccurate when it is "patently incorrect" or when it is "**misleading** in such a way and to such an extent that it can be expected to have an adverse effect." *Dalton v. Capital Associated Industries*, 257 F.3d 409, 415 (4th Cir. 2001) (bold added).

The law is well settled that "a credit entry can be incomplete or inaccurate within the meaning of the FCRA because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Gorman v. Wolpoff & Abramson, LLP, supra,* 584 F.3d at 1163; accord, *Shaw v. Experian Info. Solutions, Inc., supra,* 891 F.3d at 757. Other circuits are in accord with these Ninth Circuit holdings. See e.g., *Seamans v. Temple Univ.*, 744 F.3d 853, 865 (3d Cir. 2014) ("we agree with the three Courts of Appeals to have considered the question that even if the information is technically correct, it may nonetheless be inaccurate if, through omission, it 'create[s] a materially misleading impression'"); *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 617 (6th Cir. 2012). Since Volvo Financial caused the late payment by its failure to handle the autopay properly, it was misleading to report it as a derogatory against Ms. Braun. If not omitted altogether as would have been warranted, the correct credit reporting would be, "30 days late on payment, but error apparently caused by furnisher's mistake, not consumer."

With respect to the point that the credit reporting must be inaccurate to constitute a violation of sections 1681e(b) and 1681i, Trans Union cites nine cases, all of which were decided on summary judgment and none which indicate facts that

the furnisher's actions caused the derogatory in a manner similar to what Plaintiff alleges here against Volvo Financial (Def. P&As, 8:27 – 9:16): *Letren v. Trans Union, LLC*, Civil Action No. PX 15-3361, 2017 U.S. Dist. LEXIS 14628, 2017 WL 445237, at *11 (D. Md. Feb. 2, 2017); *Dalton v. Capital Associated Industries, supra*, 257 F.3d at 415; *Tinsley v. Transunion Corp.*, 879 F.Supp. 550, 552 (D. Md. 1995); *Burke v. Experian Info. Solutions, Inc.*, No. 1:10-cv-1064(AJT/TRJ), 2011 U.S. Dist. LEXIS 28896, 2011 WL 1085874, at *3 (E.D. Va. Mar. 18, 2011); *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1160 (11th Cir. 1991); *Alston v. Equifax Info. Services, LLC*, Civil Action No. TDC-13-1230, 2016 U.S. Dist. LEXIS 129424, 2016 WL 5231708, at *7 (D. Md. Sep. 21, 2016); *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008); *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3rd Cir. 1997) (after close of the plaintiff's case on a motion for judgment as a matter of law, Fed. R. Civ. P. 50(a)); and *Saunders v. Branch Banking & Trust Co.*, 526 F.3d 142, 150 (4th Cir. 2008).

The *Saunders* case has a slight similarity in that the creditor had acted in error in telling the debtor he owed nothing. The debtor knew, however, that he owed on the debt, but he failed to sufficiently press the point. The issue was the creditor's failure to report the derogatory as disputed by the debtor. Nevertheless, this is unlike Ms. Braun's case where she had no knowledge of Volvo Financial's mishandling of the autopay arrangement until after the fact.

### 2. Trans Union's Collateral Attack Argument Does Not Apply to The Facts as Alleged, and at Best, Presents an Issue of Fact that Must be Resolved by the Jury.

Trans Union argues that Ms. Braun's dispute constitutes a collateral attack on the legality of the debt and that Trans Union was not required to address it in its investigation. (Def. P&As, 9:17 – 12:26.) First and foremost, such a determination of whether there is a collateral attack cannot be made based on the pleadings alone. It

1 would require that this Court make a factual determination without the presentation
2 of evidence.
3      Trans Union cites seven cases in connection with its discussion of the
4 collateral attack issue (Def. P&As, 9:26 – 12:13): (1) *Saunders v. Branch Banking &*
5 *Trust Co., supra*; (2) *Alston v. Equifax Info. Services, LLC, supra*; (3) *DeAndrade v.*
6 *Trans Union LLC, supra*; (4) *Carvalho v. Equifax Info. Services, LLC*, 629 F.3d 876,
7 891 (9th Cir. 2010); (5) *Johnson v. Trans Union, LLC*, 524 F.App'x 268, 270 (7th
8 Cir. 2013); (6) *Wright v. Experian Info. Solutions, Inc.*, 805 F.3d 1232, 1242 (10th
9 Cir. 2015); and (7) *Cahlin v. General Motors Acceptance Corp., supra,* 936 F.2d at
10 1156-60. Again, all these cases were decided on summary judgment based on a full
11 presentation of facts developed in discovery.
12      Trans Union offers discussion of only two of these cases – *Carvalho* and
13 *DeAndrade*. (Def. P&As, 10:8 – 12:13.) Trans Union is attempting to apply the
14 *Carvalho* case broadly, when in fact it applies in narrow circumstances. Trans Union
15 is, in effect, misusing *Carvalho* to assert that it need only ask the furnisher's opinion
16 as to whether the credit reporting is correct. A jury must determine if Trans Union's
17 investigation was reasonable.
18      The facts of *Carvalho* are uniquely different from Ms. Braun's case. In
19 *Carvalho,* a hospital and collection agency reported a derogatory for Ms. Carvalho
20 for not paying a medical bill. Ms. Carvalho disputed the credit reporting based on the
21 hospital's failure to submit the bill to her insurer (the hospital sent it to the wrong
22 insurance company). Discovery revealed that the patient agreement that Ms. Carvalho
23 had signed stated that the bill is submitted to the patient's insurance company as a
24 "courtesy," but it is the patient's responsibility to pay. *Carvalho, supra,* at 881-882.
25      Here, there are no facts set forth in Ms. Braun's Complaint that would involve
26 a third party, such as an insurance company, or that would suggest anything other
27 than Volvo Financial's failure to process the autopayment as the reason for the
28 derogatory occurring. Plaintiff expects that discovery will show that a reasonable

investigation by Trans Union would have led to the decision to remove the derogatory. No adjudication would have been necessary, only a reasonable investigation.

The same applies for *DeAndrade, supra*. In that case, Mr. DeAndrade and his wife signed a contract for home improvements with NESCOR, which, unbeknownst to them, created a lien on their home. After making monthly payments for nearly two years and never having received copies of the loan documents, the DeAndrades were shocked to learn that the documents they signed granted a mortgage on their home to KeyBank. There was no dispute that they received the home improvements. They were attacking the mortgage's validity. *DeAndrade*, at 63-65. Ms. Braun is not disputing the validity of her debt with Volvo Financial, only that Volvo Financial failed to process her autopayment. Trans Union did not have to adjudicate a claim; it needed only to have properly investigated Ms. Braun claim to determine that the reporting was misleading.

The decisive inquiry is whether the credit bureau could have uncovered the inaccuracy if it had reasonably reinvestigated the matter. *DeAndrade, supra,* at 68. "The reasonableness of the procedures and whether the agency followed them will be jury questions in the overwhelming majority of cases." *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (citations and footnotes omitted); see also *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 664 (7th Cir. 2001) ("The determination of the 'reasonableness' of the defendant's procedures . . . is treated as a factual question even when the underlying facts are undisputed. It therefore cannot be resolved on summary judgment unless the reasonableness or unreasonableness of the procedures is beyond question…"); *Cushman v. Trans Union Corp.*, *supra*, 115 F.3d at 226-27 (it is for the trier of fact to weigh the factors in deciding whether the defendant violated the provisions of section 1681i).

///

///

### 3. Plaintiff's Section 1681i Claim is Sufficiently Pled.

Contrary to Trans Union's argument (Def. P&As, 13:1 – 14:4), Plaintiff's section 1681i claim for failure to conduct a reasonable investigation is sufficiently pled. Plaintiff alleges that: (1) her consumer file contains inaccurate or incomplete investigation (Complaint, ¶¶ 9-15); (2) she notified Trans Union of the inaccuracy (Complaint, ¶ 10); (3) the dispute is not frivolous or irrelevant (Complaint, ¶¶ 8-18); (4) Trans Union failed to conduct a reasonable investigation (Complaint, ¶¶ 15 & 16d); and (5) she suffered damages (Complaint, ¶ 17).

Trans Union relies on four cases for its argument: *Thomas v. Trans Union LLC*, 197 F.Supp.2d 1233, 1236 (D. Or. 2002); *Taylor v. First Advantage Background Services Corp.*, 207 F.Supp.3d 1095, 1103 (N.D. Cal. 2016); *O'Connor v. Capital One, N.A.*, *supra*; and *Gorman v. Wolpoff & Abramson, LLP*, *supra*.

*Thomas*, *Taylor* and *Gorman* are cases decided on summary judgment that do not present any standard for pleading a section 1681i claim. In *O'Connor*, the court noted that the pro se plaintiff's complaint did "not even provide a formulaic recitation of the elements of each cause of action." (*Id.,* 2014 Lexis 74045, at *7-8.) Ms. Braun's Complaint is sufficient in alleging that Trans Union's investigation was unreasonable because it failed to address the facts of Volvo Financial's error in connection with the autopay. (Complaint, ¶¶ 8-18.)

Trans Union's reinvestigation should have included an inquiry into whether the 30-day late payment was the result of creditor error or consumer malfeasance or neglect. Trans Union's reinvestigation was insufficient because it did not address the issue of creditor error.

Paragraph 18 alleges that Trans Union deliberately has ineffective procedures because it knows most consumers will give in rather than fight a legitimate dispute, and that Trans Union's systems in this regard are set up to intimidate consumers. (Complaint, ¶ 18.)

### 4. Plaintiff's Section 1681e(b) Claim is Sufficiently Pled.

Finally, Trans Union argues that Ms. Braun's consumer report must be transmitted to a third party for a section 1681e(b) claim to exist, citing *Guimond v. Trans Union Credit Info. Co., supra,* 45 F.3d at 1333, and *Cahlin v. General Motors Acceptance Corp., supra,* 936 F.2d at 1156-60. (Def. P&As, 14:5-24.) These are summary judgment cases that do not discuss the pleading standard.

Plaintiff disagrees that *Guimond* stands for the proposition that the consumer report must be transmitted to a third party. That was the district court's finding that the Ninth Circuit reversed. *Guimond, supra,* at 1333-34. *Guimond* states that "no case has held that a denial of credit is a prerequisite to recovery under the FCRA." *Id.*, at 1333. The *Guimond* court concludes: "[W]e find that a failure to comply with § 1681e(b) is actionable even absent a denial of credit. Accordingly, the district court erred in finding that any liability under § 1681e(b) was predicated, as a matter of law, on the occurrence of some event - denial of credit **or transmission** of the report to third parties - resulting from the compilation and retention of erroneous information." *Id.* (bold added); see also *Philbin v. Trans Union Corp.*, 101 F.3d 957, 966 n.6 (3d Cir. 1996) (summarizing the holding in *Guimond*).

The requirement of transmission in *Cahlin* (a 1991 case) suggests that injury must be shown. *Cahlin* has been criticized on the injury issue in that it predates a 1996 FCRA amendment. While Ms. Braun can show injury, courts have allowed statutory damages without proof of injury. See e.g., *Beaudry v. TeleCheck Services*, 579 F.3d 702, 707-708 (6th Cir. 2009) (referring to *Cahlin*).

Plaintiff alleges that the derogatory made it impossible to refinance her mortgage at a good rate for possibly seven years, putting her family at risk of financial hardship. (Complaint, ¶¶ 23 & 24.) Plaintiff maintains that her section 1681e(b) claim is sufficiently pled and that, even if relevant, the additional facts concerning transmission and denial of credit are the proper subject of discovery, not pleading.

**TransUnion lacks reasonable procedures to assure maximum possible accuracy:** Section 1681e(b) addresses a credit bureau's procedures and whether they are reasonable. Trans Union's procedures are not reasonable because it has no mechanism for investigating or reporting that a credit derogatory is the result of creditor error. Any transmissions to the creditors (its customers) and its credit reports lack any field to report that an error was likely caused whole or in part by creditor error. Here, the 30-day late was a creditor error, and Trans Union lacks any capacity to find that out during reinvestigation or to report that on a Trans Union credit report.

## IV. CONCLUSION

For the above-stated reasons, Defendant Trans Union's motion to dismiss should be denied in its entirety.

Respectfully submitted,

Dated: September 26, 2019   LAW OFFICES OF ROBERT F. BRENNAN, A P.C.

By: */s/ Robert F. Brennan*

    Robert F. Brennan
    Attorney for Plaintiff
    SUE-LING BRAUN

11

Plaintiff's Opposition to Trans Union Motion to Dismiss