UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUE-LING BRAUN,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>TRANS UNION LLC, a Corporation; EQUIFAX INFORMATION SERVICES, LLC, a Corporation; EXPERIAN INFORMATION SOLUTIONS INC, a corporation; VOLVO CAR FINANCIAL SERVICES U.S., LLC, an unknown business entity; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No.: CV 19-06098-CJC(SKx)<br><br><br><br>ORDER GRANTING DEFENDANT TRANS UNION'S MOTION TO DISMISS |

I.　INTRODUCTION

　　This case arises out of an entry on Plaintiff Sue-Ling Braun's credit report reflecting a late payment. She sues Experian Information Solutions, LLC ("Experian"), Equifax Information Services, LLC ("Equifax"), Trans Union LLC ("Trans Union"), and Volvo Car Financial Services U.S., LLC ("VFS") for violations of the Fair Credit Reporting Act, and VFS for violations of the California Consumer Credit Reporting

Agencies Act.  (Dkt. 1 [hereinafter "Compl."].)  Experian, Equifax, and VFS filed answers to the Complaint.  (Dkts. 18, 26, 31.)  Before the Court is Trans Union's Motion to Dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief may be granted.  (Dkt. 26 [hereinafter "Mot."].)  For the following reasons, Trans Union's Motion is **GRANTED**.[1]

## II.   BACKGROUND

The following facts are taken from the Complaint, so the Court assumes they are true for purposes of this motion.  Plaintiff signed a lease for a Volvo in August 2015.  (Compl. ¶ 8.)  At that time, she signed up for autopay for her monthly payment.  (*Id.*)  Throughout the original term of her lease, she had a perfect payment history.  (*Id.*)  Around November 2018, Plaintiff got a two-month lease extension from VFS.  (*Id.* ¶ 9.)  Plaintiff did not realize that her autopay did not continue during that extension.  (*Id.*)  Her resulting 30-day late payment was reported to credit reporting agencies and caused her credit score to drop about 100 points.  (*Id.*)  Plaintiff had planned to refinance an adjustable rate mortgage, but her lowered credit score "would likely make it impossible for her to do so at any good rate if at all for several, possibly 7 years, which puts her family at risk of financial hardship."  (*Id.* ¶ 23.)

In May 2019, Plaintiff sent dispute letters to Trans Union, Experian, and Equifax.  (*Id.* ¶¶ 10–11.)  Experian and Trans Union investigated, verified that Plaintiff made the payment late, and told Plaintiff her report would not be changed.  (*Id.* ¶¶ 12–13.)  Equifax did not respond.  (*Id.* ¶ 14.)

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for October 21, 2019 at 1:30 p.m. is hereby vacated and off calendar.

## III.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a plaintiff's claims.  The issue on a motion to dismiss for failure to state a claim is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims asserted.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

To survive a motion to dismiss, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.  *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).  However, the assumption of truth does not apply to legal conclusions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Twombly*, 550 U.S. at 555 (stating that while a complaint does not need detailed factual allegations, courts "are not bound to accept as true a legal conclusion couched as a factual allegation" (citations and quotes omitted)).

## IV.   DISCUSSION

The Fair Credit Reporting Act ("FCRA") "was crafted to protect consumers from the transmission of inaccurate information about them" in consumer reports.  *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113 (9th Cir. 2017), *cert. denied,* 138 S. Ct. 931 (2018).  To that end, the Act imposes duties on both consumer reporting agencies ("CRAs")—in this case, Equifax, Experian, and Trans Union—and so-called "furnishers" who provide

credit information to CRAs—in this case, VFS. *See Heras v. Nelnet, Inc.*, 2017 WL 4586334, at *3 (C.D. Cal. Apr. 28, 2017). "The duties imposed on CRAs under the FCRA include the duty to ensure the accuracy of their reporting, 15 U.S.C. § 1681e(b), and the duty to conduct a reasonable reinvestigation of disputed information, 15 U.S.C. § 1681i." *Id.*

### A. Reasonable Procedures to Ensure Accuracy under Section 1681e(b)

Under 15 U.S.C. §1681e(b), titled "Accuracy of report,"

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

"In order to make out a prima facie violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information." *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995). "The inaccuracy requirement comports with the purpose of the FCRA, which is 'to protect consumers from the transmission of inaccurate information about them.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010). Without an inaccuracy, there is no prima facie case under Section 1681e(b). *Dennis v. BEH–1, LLC*, 520 F.3d 1066, 1069 (9th Cir. 2008) (referring to "the prima facie showing of inaccurate reporting" as "required" by Section 1681e).

Trans Union argues that dismissal is appropriate because Plaintiff fails to allege any inaccuracy in her credit report. (Mot. 9, 12.) The Court agrees. Plaintiff does not allege that her report was factually inaccurate; indeed, she admits her payment was late. (Compl. ¶ 9; *see* Dkt. 34 [Plaintiff's Opposition to Trans Union Motion to Dismiss, hereinafter "Opp."] at 2, 4.) Rather, she complains that the late payment was not her

fault.  (Opp. at 4 [arguing Trans Union "should have known . . . that the credit derogatory was caused by [VFS's] administrative/computer error in connection with her autopay arrangement"].)

Plaintiff argues that her claim should not be dismissed because even a factually accurate credit report may be inaccurate if it is "patently incorrect or materially misleading," that is, "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." (Opp. at 5 [citing *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009)].) The Court is not persuaded.

Courts have concluded that a CRA's failure to provide additional information to explain the significance of an otherwise accurate report entry is not the type of misleading omission that is sufficient to fulfill the inaccuracy element of a § 1681e(b) claim. *Tom Chen v. Vertical Screen, Inc.*, 2017 WL 3704836, at *4 (W.D. Wash. Aug. 28, 2017). Specifically, courts have found the following allegations insufficient to state a "materially misleading" claim:

- Reporting a debt where the plaintiff did not dispute that the account belonged to her or that the amount owing was facially accurate, but rather contended she was not legally obligated to pay the bill until her health insurance had been billed, *Carvalho*, 629 F.3d at 891,
- Reporting the same debt in two separate entries on the credit report, *Lewis v. Trans Union, LLC*, 2013 WL 3456999, at *4 (E.D. Cal. July 9, 2013),
- Reporting a debt that may be uncollectable under California's anti-deficiency statute, *Prianto v. Experian Info. Sols., Inc.*, 2014 WL 3381578, at *7 (N.D. Cal. July 10, 2014),

- Reporting an eviction connected to a foreclosure against another party, *Taylor v. Screening Reports, Inc.*, 2015 WL 4052824, at *5 (N.D. Ill. July 2, 2015), and

- Reporting debt where the plaintiff alleged accuracy disputes including "that the claim of debt was valid, free from any claims and defects, whether there was a breach of agreement, whether there was a failure of consideration or material alterations, whether the alleged account was transferred, and that the original lender provided value by sourcing the funds from creditor's account," *Kozlowski v. Bank of Am., N.A.*, 2018 WL 5099765, at *4 (E.D. Cal. Oct. 18, 2018).

Consistent with this authority, even accepting as true all of Plaintiff's allegations, and construing them in the light most favorable to her, the Court cannot conclude she states a plausible claim for relief. Plaintiff's payment was unquestionably late; she merely disputes that the lateness was not her fault. This is not sufficient to plead a "materially misleading" statement on her credit report. *See Gorman*, 584 F.3d at 1163; *Carvalho*, 629 F.3d at 891; *Lewis*, 2013 WL 3456999, at *4; *Prianto*, 2014 WL 3381578, at *7; *Taylor*, 2015 WL 4052824, at *5; *Kozlowski*, 2018 WL 5099765, at *4.

**B. Reinvestigation under Section 1681i**

An inaccuracy must also exist for a plaintiff to state a claim under Section 1681i. *Carvalho, LLC*, 629 F.3d at 890. For the same reasons, then, Plaintiff has failed to state a claim under that Section.

//
//

**C. Leave to Amend**

"Leave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)).  The Court finds that Braun cannot possibly allege additional facts to cure the defect in her complaint against Trans Union, because Braun cannot allege that there is an inaccurate statement on her report.

**V. CONCLUSION**

For the foregoing reasons, Trans Union's Motion to Dismiss is **GRANTED**. Plaintiff's Complaint is **DISMISSED** as to Trans Union **WITHOUT LEAVE TO AMEND**.

In light of the dismissal of Plaintiff's claims against Trans Union, the Court **ORDERS** Plaintiff to show cause in writing why her same claims against Equifax and Experian should not be dismissed on the same grounds as those stated in this order. Plaintiff shall file a response to this order to show cause by October 24, 2019.  Equifax and Experian shall file responses to Plaintiff's submission by October 31, 2019.

DATED: October 10, 2019

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE