SCOTT J. HYMAN (State Bar No. 148709)
sjh@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

ALISA A. GIVENTAL (State Bar No. 273551)
aag@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
VOLVO CAR FINANCIAL SERVICES U.S., LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

| | |
|---|---|
| SUE-LING BRAUN, an individual,<br><br>   Plaintiff,<br><br>vs.<br><br>TRANS UNION LLC, is a Corporation; EQUIFAX INFORMATION SERVICES, LLC is a Corporation; EXPERIAN INFORMATION SOLUTIONS INC., is a Corporation; VOLVO CAR FINANCIAL SERVICES U.S. LLC, is an unknown business entity; and DOES 1-10, inclusive,<br><br>   Defendants. | Case No. 2:19-cv-6098<br><br>**VOLVO CAR FINANCIAL SERVICES U.S., LLC'S CONDITIONAL NON-OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL ARBITRATION** |

**CONDITIONAL NON-OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL ARBITRATION**

Plaintiff's Motion to Compel Arbitration was filed reflexively by Plaintiff to try get out from under this Court's now binding ruling that there was no inaccurate

1  credit reporting, which is why Plaintiff never contacted counsel for Volvo Car
2  Financial Services ("VCFS") to meet and confer before filing this Motion. *See*
3  U.S.D.C. Local Rule 7-3.[1]

4      Plaintiff's Motion is unnecessary. First, if Plaintiff wanted to arbitrate, all she
5  had to do is file her arbitration with JAMS, which would then deprive this Court of
6  jurisdiction to hear her claims.

7      Second, VCFS did not refuse to arbitrate, and Plaintiff's representation to this
8  Court to the contrary is false. VCFS pleaded arbitration as an affirmative defense in
9  its answer filed on September 18, 2019, and, by letter dated September 26, 2019,
10  demanded to Plaintiff's counsel that Plaintiff arbitrate the parties' dispute.
11  Declaration of Alisa A. Givental ("Givental Declaration") ¶ 2. After VCFS asked
12  whether Plaintiff would stipulate to arbitration, on October 4th Plaintiff responded

---

[1] The Court's finding that there was inaccuracy is applicable to furnishers as much as the credit reporting agencies. *See e.g. Doster v. Experian Info. Sols., Inc.*, No. 16-CV-04629-LHK, 2017 U.S. Dist. LEXIS 8412, at *8 (N.D. Cal. Jan. 20, 2017) ("Thus, even if a furnisher or CRA fails to conduct a reasonable investigation or otherwise fails to fulfill its obligations under the FCRA, if a plaintiff cannot establish that a credit report contained an actual inaccuracy, then the plaintiff's 'claims fail as a matter of law.' ") (quoting *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010)); *Chiang v. Verizon New Eng., Inc.,* 595 F.3d 26, 38 (1st Cir. 2010) ("In light of the parallel obligations imposed on CRAs and furnishers--and the narrow purpose of the amendments to the FCRA--that same rationale supports requiring a showing of actual inaccuracy in suits against furnishers."); *Carvalho,* 629 F.3d at 889 ("[B]ecause the CCCRAA 'is substantially based on the Federal Fair Credit Reporting Act, judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions.' ") (*quoting Olson v. Six Rivers Nat'l Bank*, 111 Cal.App.4th 1 (2003)); *Anderson v. Experian Info. Sols., Inc.*, No. 16-cv-03328-BLF, 2017 U.S. Dist. LEXIS 33366, at *7 (N.D. Cal. Mar. 8, 2017) ("The Ninth Circuit has observed that '[a]lthough the FCRA's reinvestigation provision, … does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts, including our own, have imposed such a requirement.' ") (quoting *Carvalho,* 629 F.3d at 890).

that she would, but only if VCFS agreed to arbitrate with JAMS and pay all costs of arbitration.[2] The arbitration clause in the parties' agreement limits the amount of costs to be covered by VCFS to $2,500. Dkt. No. 37, Exhibit A, ¶ 62 ("We will advance your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $2500, which may be reimbursed by decision of the arbitrator at the arbitrator's discretion."). JAMS consumer arbitration rules require the consumer to pay a $250 filing fee. Givental Declaration ¶ 6.

VCFS made its position on arbitration patently clear to Plaintiff. And, after the Court ruled on TransUnion's Motion to Dismiss[3] and after Plaintiff reflexively filed this Motion, VCFS again confirmed that it would arbitrate Plaintiff's claims, both with JAMS and under JAMS' Consumer Rules. *Id*.

Yet, even after the above was pointed out to Plaintiff, she still refused to withdraw this motion, continuing to demand that VCFS agree to cover <u>all</u> costs of arbitration as a condition to arbitration, presumably her $250.00 filing fee, too. Givental Declaration ¶ 5. In other words, although she asks the Court to enforce the parties' arbitration clause, she wants the Court to ignore the terms of that agreement with regard to apportionment of fees. Givental Declaration ¶ 6.

Plaintiff cites no authority in support of the Court's ability to make such a ruling. The Supreme Court has said on numerous occasions that "the central or 'primary' purpose of the FAA is to ensure that 'private agreements to arbitrate are enforced according to their terms.'" *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*,

---

[2] Plaintiff's attorney said that if VCFS could not agree to paying all costs, "we will need to have the matter resolved by the judge." Givental Declaration ¶ 3. The statement was ambiguous as to whether the entire dispute (i.e. Plaintiff would refuse to arbitrate) or the fee issue would need to be decided by the judge.

[3] Dkt. No. 36, 4:24-25.

1. 559 U.S. 662, 682 (2010) (quoting *Volt Info. Scis., Inc. v. Board of Tr.*, 489 U.S. 468, 479 (1989)). "[P]arties are generally free to structure their arbitration agreements as they see fit. Just as they may limit by contract the issues which they will arbitrate, so too may they specify by contract the rules under which that arbitration will be conducted." *Volt Info Scis.,* 489 U.S. at 479 (citation omitted).

VCFS has notified Plaintiff that it agrees to follow by JAMS consumer arbitration rules, including the apportionment of fees under those rules. Givental Declaration ¶ 6. VCFS is equally amenable to apportioning fees in the manner described in the parties' agreement. VCFS opposes Plaintiff's demand to apply neither. *Id*. at 7.

The matter should go to arbitration, with JAMS, under JAMS' Consumer Rules.

DATED:  November 4, 2019

SEVERSON & WERSON
A Professional Corporation

By: */s/ Alisa A. Givental*
 Alisa A. Givental

Attorneys for Defendant VOLVO CAR FINANCIAL SERVICES U.S., LLC.